# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7964 | **DATE** | November 23, 2011 |
| **CASE TITLE** | Joseph Edgar Dunkin (#21185-424) vs. Warden Lockett, et al. | | |

**DOCKET ENTRY TEXT:**

This action is transferred to the United States District Court for the Southern District of Indiana, Terre Haute Division, for assessment of the filing fee and whatever other action the transferee court deems appropriate. The clerk shall not issue summonses unless the transferee court so directs. The case and all pending motions are terminated on this court's docket.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that correctional officials at the federal penitentiary in Terre Haute, Indiana have violated the plaintiff's constitutional rights by retaliating against him and by acting with deliberate indifference to his safety. More specifically, the plaintiff contends that he faces "rapes, assaults, broken bones, death threats, [and] retaliation" from both inmates, for unspecified reasons, and from the prison staff, as punishment for his previous lawsuits. Without expressing an opinion as to the merits of the complaint, the court finds that venue does not lie in this judicial district.

Under 28 U.S.C. § 1391(e), a civil action in which a defendant is an officer or employee of the United States or any agency thereof may be brought in a judicial district in which: (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) the plaintiff resides, if no real property is joined in the action.

The court discerns no basis for venue in this district. The matters underlying this lawsuit have taken place at the Federal Correctional Institution in Terre Haute, Indiana, where the plaintiff is currently confined. Terre Haute (Vigo County) is situated in the Southern District of Indiana federal judicial district. *See* 28 U.S.C. § 94(b). Presumably, the defendants can be found in that district. Venue does, therefore, exist in the Southern
**(CONTINUED)**

mjm

District of Indiana and, given the particulars of this case, that district is clearly the most convenient forum for this action.

For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of Indiana, Terre Haute Division, pursuant to 28 U.S.C. § 1406(a) for assessment of the filing fee and whatever other action the transferee court deems appropriate. The clerk shall not issue summonses unless the transferee court so directs.


**Date:   November 23, 2011**

*[signature: Charles P. Kocoras]*
**CHARLES P. KOCORAS**
**U.S. District Judge**